ELECTRONIC

**Apr. 15, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

THAO N. SANDS, ·

**09-60557 Civ-Dimitrouleas/Snow**

      Plaintiff,

v.

WAGNER & HUNT, P.A., a Florida Corporation,
and CAVALRY PORTFOLIO SERVICES, LLC,
a foreign limited liability company,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

### PARTIES

3.    Plaintiff, THAO N. SANDS, is a natural person who resides in Broward County, Florida.

4.     Defendant, WAGNER & HUNT, P. A., ("WAGNER") is believed to be a professional association with its principal place of business at 5233 Coconut Creek Parkway, Margate, Florida 33063.

5.     Defendant, CAVALRY PORTFOLIO SERVICES, LLC, ("CAVALRY") is believed to be a limited liability company with its principal place of business at Third Floor, 7 Skyline Drive, Hawthorne, New York 10532.

6.     Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

7.     Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

8.     CAVALRY is liable for the actions of WAGNER. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

9.     At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

10.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

2

*(a) Abusive practices*
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*
Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

11.     Defendants sought to collect upon an alleged debt from Plaintiff arising from a Bank of America credit card used by Plaintiff for personal, family or household purposes.

12.     Defendants obtained a Default Final Judgment in Broward County for the alleged debt on or about July 28, 2008.

13.     A true and correct copy of the state court judgment is attached hereto as "Exhibit A".

14.     In the course of obtaining said judgment, Defendant represented to the Court on June 24, 2008 that it was entitled to an attorney's fee award of $500.00 dollars.

15.     Attorney's fees are unliquidated damages entitling the defaulting party to an evidentiary hearing. *Roggeman v. Boston Safe Deposit and Trust Co.*, 670 So.2d 1073 (Fla. 4th DCA 1996).

3

16.     Defendants refused to give notice of an evidentiary hearing regarding their claim for attorney's fees; the award of attorney's fees was incorporated into the judgment.

17.     Plaintiff maintains that the judgment obtained by Defendants was done so without due process and in violation of Plaintiff's constitutional rights. *Foster v. D.B.S. Collection Agency*, Not Reported in F.Supp.2d, 2002 WL 32993859 (S.D. Ohio 2002).

18.     On or about March 18, 2009, Defendants executed upon their judgment by having the Sheriff of Broward County seize Plaintiff's only vehicle.

19.     On or about March 18, 2009, Plaintiff moved to vacate the State Court judgment based upon the lack of an evidentiary hearing.

20.     On or about April 9, 2009, the State Court issued an order granting in part Plaintiff's motion to vacate; the State Court order also vacated the Writ of Execution upon Plaintiff's vehicle.

21.     A true and correct copy of the state court order is attached hereto as "Exhibit B".

22.     On or about April 13, 2009, the undersigned counsel contacted counsel for CAVALRY in an effort to coordinate the return of Plaintiff's vehicle.

23.     Counsel for CAVALRY indicated that they would not assist in the return of said vehicle and intended to proceed with the Sheriff's sale on April 28,

4

2009 even though the judgment had been stricken in part and the Writ of Execution was vacated.

24.     In the State of Florida, a judgment creditor cannot conduct a levy and sheriff's sale of personal property until its judgment lien has been perfected. Fla. Stat. § 56.061; *Diaz v. Plumhoff*, 742 So.2d 846 (Fla. 2d DCA 1999); *Clinton v. Doehla*, 933 So.2d 1215 (Fla. 3d DCA 2006).

25.     By virtue of the Court having issued its April 9, 2009 order, Defendants have failed to comply with the Florida Statutes, including but not limited to Fl. Stat. §§56.21 and 56.27, prior to the sheriff's sale of Plaintiff's vehicle scheduled for April 28, 2009. *Bit-O-Sweden, Inc. v. Kittredge*, 566 So. 2d 364 (Fla. 5th DCA 1990).

## COUNT I
## FALSE REPRESENTATION OF THE CHARACTER, AMOUNT OR LEGAL STATUS OF THE ALLEGED DEBT

26.     Plaintiff incorporates Paragraphs 1 through 25.

27.     By representing that attorney's fees are liquidated damages and/or refusing to give Plaintiff notice of hearing for same, Defendant falsely represented the character, amount or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of the instant suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILING TO GIVE NOTICE OF EVIDENTIARY HEARING IN VIOLATION OF STATE LAW

28.    Plaintiff incorporates Paragraphs 1 through 25.

29.    Defendants violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C §1692e, by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C §1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C §1692f by failing to give notice of an evidentiary hearing on unliquidated damages (i.e. attorney's fees) in State Court as mandated by Florida law.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.     Damages,

6

b.    Attorney's fees, litigation expenses and costs of the instant suit; and

c.    Such other or further relief as the Court deems proper.

**COUNT III**
**DECLARATORY RELIEF AND PERMANENT INJUNCTION**

30.    Plaintiff incorporates Paragraphs 1 through 25.

31.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the FDCPA and FCCPA.

32.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

33.    Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under both state and federal law.

WHEREFORE, PLAINTIFF requests that the Court enter judgment:

a.    Declaring that Defendants have violated both the FDCPA and FCCPA.

b.    Permanently enjoining Defendants from misrepresenting Florida law;

7

c.    Attorney's fees, litigation expenses and costs of suit; and

d.    Such other or further relief as the Court deems proper.

## COUNT IV
## CONVERSION OF PLAINTIFF'S VEHICLE

34.    Plaintiff incorporates Paragraphs 1 through 25.

35.    That Plaintiff obtained an order from the State Court on or about April 29, 2009 which rendered Defendants' judgment a legal nullity.

36.    That Plaintiff, through counsel, demanded the return of her vehicle on April 13, 2009 but said demand was rejected by Defendants.

37.    Defendants' wrongful act of refusing to assist in the return of Plaintiff's vehicle deprived the Plaintiff of the possession, use, and enjoyment of said vehicle.

38.    The Plaintiff has been damaged by the lack of possession of the converted vehicle.

39.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered money damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.    Damages,

8

b.    Attorney's fees, litigation expenses and costs of the instant suit; and

c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this __14th__ day of April, 2009.

SCOTT D. OWENS, ESQ.
Attorney for Plaintiff
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By:_____
Scott D. Owens, Esq.
Florida Bar No. 0597651

9

CAV-12262243 09:20:05 / 01 AUG 2008

## IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO: 08-11087 81 COWE

CAVALRY PORTFOLIO SERVICES, LLC AS ASSIGNEE
OF CAVALRY SPV I, LLC AS ASSIGNEE OF HILCO
RECEIVABLES, LLC AS ASSIGNEE OF BANK OF
AMERICA

     Plaintiff,

vs.

THAO N SANDS

     Defendant(s).

_____

### DEFAULT FINAL JUDGMENT

   THIS CAUSE came before the Court upon Plaintiff's Motion for Final Judgment After Default, and the Court, having reviewed the file and noting that the Defendant was served and failed to file an answer or other responsive pleading within the time allowed by law, and further the Court having reviewed the Affidavit of Indebtedness and/or account statement filed by the Plaintiff in the above-styled cause, and being otherwise advised in the premises; it is hereby

   **ORDERED AND ADJUDGED** that the Plaintiff, whose address is 7 Skyline Drive, Hawthorne, NY 10532, shall recover from the Defendant(s) THAO N SANDS $12,416.65 in principal; $280.00 in costs; pre-judgment interest in the amount of $1,159.39 for the period 08-01-2007 to 05-30-2008 and attorney's fees in the amount of $500.00 for a total of $14,356.04, that shall bear interest at the rate of eleven (11%) percent per annum.

   **FOR ALL OF WHICH LET EXECUTION ISSUE.**

   **DONE AND ORDERED** in Chambers in, BROWARD County, Florida this_____day of_____, 2008.

        **JANE D. FISHMAN**

        JUL 2 8 2008

        _____
        JUDGE
        A TRUE COPY

Copies furnished:
WAGNER & HUNT, P.A.
Attorney for Plaintiff
P. O. Box 934788
Margate, Florida 33093-4788

THAO N SANDS
473 FAIRMONT LN
FORT LAUDERDALE, FL 33326
Account #4356450002309770

# EXHIBIT A

IN THE COUNTY COURT OF
IN AND FOR *Broward*
COUNTY, FLORIDA

*Cavalry Portfolio Services,*
*LLC, et al.*

vs.

*Thao N Sands*

Case No.: 08-110878 1 COWE

ORDER *ON MOTION TO VACATE*
*FINAL JUDGMENT*

THIS CAUSE having come on to be heard on _____, (Defendant's) Plaintiff's
~~Motion~~ *Verified Emergency motion to Vacate Default Final*
*Judgment and Stay of Post-Judgment Proceedings*

and the Court having heard argument of counsel, and being otherwise advised

in the Premises, it is hereupon,

ORDERED AND ADJUDGED that said Motion be, and the same is hereby
*GRANTED AS TO THE ATTORNEY FEES, WHICH ARE*
*STRICKEN. OTHERWISE, DENIED per Assent Acceptance V. Zuterman*
*05-574 (2009). THE WRIT OF EXECUTION IS VACATED PENDING*
*THE SIGNING OF AN AMENDED FINAL JUDGMENT*

DONE AND ORDERED in Chambers, at _*Plantation, FL*_

this ___9___ day of ___*April*___, 20 _0.09_

_____
County Court Judge

Copies furnished:
*Counsel for Pltf & Def*
*BSO*

**EXHIBIT B**

℃JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

THAO N. SANDS, individually

**(b)** County of Residence of First Listed Plaintiff   **Broward County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Scott D. Owens, Esq./COHEN & OWENS, P.A.
3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021
Phone: 954-923-3801

**DEFENDANTS**

WAGNER & HUNT, P.A. and CALVARY PORTFOLIO SERVICES, LLC

County of Residence of First Listed Defendant   **Broward County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

0:09cv 60557 WPD /LSS

**(d)** Check County Where Action Arose:   ☐ MIAMI- DADE   ☐ MONROE   ☑ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ■ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS  Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

a) Re-filed Case ☐ YES ☑ NO          b) Related Cases ☐ YES ☑ NO

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):   JUDGE                          DOCKET NUMBER

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

FDCPA Violation

LENGTH OF TRIAL via  1   days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   4/14/09

FOR OFFICE USE ONLY

AMOUNT 350.00        RECEIPT # 546025 FP